UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LYNETTE M. HUTCHINSON

    Plaintiff,

    v.

GEORGE PARKER, PRESIDENT
WASHINGTON TEACHERS UNION

    Defendants.

Civil Action No. 10-2043 (JDB)

## MEMORANDUM OPINION

Plaintiff Lynette M. Hutchinson has brought this action against the Washington Teachers' Union ("WTU") complaining of the failure by WTU to pursue her employment grievance all the way through arbitration. For the reasons explained below, the complaint will be dismissed.

## BACKGROUND

Hutchinson was an elementary school teacher with the District of Columbia Public Schools from 1987 until she was terminated in 2003. Compl. ¶¶ 5, 12. She developed medical issues in 2002, concerning which she had unsatisfactory dealings with the D.C. Public Schools before her termination in April 2003. See id ¶¶ 6-12. She sought assistance from WTU under her collective bargaining agreement, and WTU represented her in challenging the termination under the three-step grievance process. Id. ¶¶ 13-16. After some delay, she lost at the third stage; she then requested WTU to pursue arbitration, which it initially had agreed to do. Id. ¶¶ 14-15. Ultimately, however, again after some delay, WTU informed Hutchinson that it would not take the matter to arbitration. Id. ¶ 17. Hutchinson brings this action asserting several causes

of action under the collective bargaining agreement and under common law. In six counts, she claims breach of the implied warranty of good faith and fair dealing; breach of the duty of fair representation; breach of fiduciary duty; negligence; fraud; and intentional infliction of emotional distress. Id. ¶¶ 19-45. Hutchinson seeks damages of one million dollars on her claims.

**DISCUSSION**

WTU has moved to dismiss Hutchinson's complaint for lack of jurisdiction and failure to state a claim.[1] The essence of WTU's argument is that under the District of Columbia's Comprehensive Merit Personnel Act ("CMPA"), D.C. Code § 1.601.01 *et. seq.*, exclusive jurisdiction over allegations of unfair labor practices (including breach of the duty of fair representation and similar claims), even if dressed up as common law claims lies with the D.C. Public Employee Relations Board ("PERB"). Hence, all of Hutchinson's causes of action, which assert claims in the nature of unfair labor practices or breaches of the collective bargaining agreement, although also framed as common law torts, must be dismissed because the CMPA preempts jurisdiction over such matters, the PERB thus has exclusive jurisdiction, and any right of judicial review is in the Superior Court of the District of Columbia, not in this court. See, e.g., McManus v. District of Columbia, 530 F. Supp. 2d 46, 76-79 (D.D.C. 2007); Jackson v. D.C. Dep't of Health, No. 06-1317, 2007 U.S. Dist. Lexis 32562, at *4-5 (D.D.C. May 3, 2007); see also Thompson v. District of Columbia, 428 F.3d 283, 288 (D.C. Cir. 2005); Holman v. Williams, 436 F. Supp. 2d 68, 74 (D.D.C. 2006); Cooper v. AFSCME, Local 1033, 656 A.2d 1141, 1142-43 (D.C. 1995).

---

[1] The Court construes Hutchinson's complaint as naming only WTU as a defendant, as plainly stated in the first sentence and in paragraph 2 of the complaint.

Hutchinson's response to WTU's formidable argument is twofold. She agrees that the complaint against WTU should be dismissed but then asks for leave to amend the complaint to add the proper party. In her "motion" filed on March 16, 2011, she indicates that she will have an amended complaint ready to file within 15 days. See Pl.'s Mot. and Mem. to Dismiss and Request for Leave to Amend Pleading [ECF Docket No. 5] at 2. To date, no amended complaint has been lodged. See LCvR 15.1. WTU's response, in turn, is to note that Hutchinson has conceded that the action against WTU should be dismissed, to stipulate to the voluntary dismissal of the action against WTU pursuant to Federal Rule of Civil Procedure 41(a)(1), and to urge dismissal with prejudice and denial of the motion for leave to amend based on futility. See generally Def.'s Response [ECF Docket. No. 6].

Plainly, WTU's jurisdictional argument based on preemption under the CMPA is correct. Hutchinson concedes as much. Hence, the complaint against WTU will be voluntarily dismissed based on the parties' stipulation pursuant to Rule 41(a)(1).[2] WTU's futility response to Hutchinson's motion for leave to amend also has some merit. Indeed, a new defendant, which is the amendment that Hutchinson purports to intend, will not cure the jurisdictional problem. However, the Court concludes that it need not fully resolve that issue at this point. Instead, with the complaint voluntarily dismissed against the only present defendant, the Court will deny the motion for leave to amend but leave open the possibility of a new action against a different defendant -- however unlikely to succeed -- for another day.

---

[2] WTU also argues that any action filed with the PERB would not be timely and that no valid unfair labor practice is alleged in the complaint. In light of the voluntary dismissal of the action against WTU, the Court will not reach these issues.

## CONCLUSION

For the above reasons, the complaint against WTU will be voluntarily dismissed and the motion for leave to amend denied. A separate order will issue.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date:  May 27, 2011